IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CZ-USA, INC.<br>3327 North 7th Street Trafficway<br>Kansas City, KS 66115<br><br>and<br><br>INVESTMENT DEVELOPMENT CORP.,<br>   d/b/a ARMSCO<br>1247 Rand Road<br>Des Plaines, IL 60016<br><br>                     Plaintiffs,<br>vs.<br><br>T. R. IMPORTS, INC.<br>1540 Keller Parkway, Suite 103<br>Keller, Texas, 76248<br><br>and<br><br>EDWARD C. LUTZ,<br>8400 Trace Ridge Parkway,<br>Fort Worth, TX 76137-5914,<br><br>                     Defendants. | Case No. _____ |

## COMPLAINT

Plaintiffs, CZ-USA, Inc. ("CZ-USA") and Investment Development Corp. ("Armsco"), for their Complaint against the Defendants, T. R. Imports, Inc. ("TR Imports") and Edward C. Lutz, state and allege as follows:

### NATURE OF THE ACTION

1. This is an action pursuant to Section 526 of the Tariff Act of 1930 (19 U.S.C. § 1526) seeking "gray market" protection for CZ-USA and Armsco from unauthorized

import and unlawful distribution of HUGLU-marked shotguns in the United States by TR Imports.

2. This action also seeks relief and damages for trademark infringement, counterfeiting, unfair competition and passing off, in violation of the Lanham Act, including the following sections:

    (a)   15 U.S.C. § 1114,

    (b)   15 U.S.C. § 1116,

    (c)   15 U.S.C. § 1124, and

    (d)   15 U.S.C. § 1125.

3. This action also seeks monetary damages for false and deceptive sales practices which violate Kansas and Texas Statutes, including K.S.A. 50-626 and V.T.C.A. Bus. & C.T. 2, § 17.41.

## JURISDICTION AND VENUE

4. Federal question jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Federal question jurisdiction is also conferred pursuant to 15 U.S.C. § 1121(a).

6. Venue in this Court is based upon 28 U.S.C. § 1391(b),(c).

## THE PARTIES

7. Plaintiff CZ-USA, Inc. is a Nevada corporation, whose principal place of business is at 3327 North 7th Street Trafficway, Kansas City, Kansas, 66115.

8. Plaintiff Investment Development Corp. ("Armsco") is an Illinois corporation doing business as IDC-ARMSCO and HUGLU-ARMSCO, whose principal place of business is at 1247 Rand Road, Des Plaines, Illinois, 60016.

9. Defendant T. R. Imports, Inc. is a Texas corporation, whose principal place of business is at 1540 Keller Parkway, Suite 103, Keller, Texas, 76248. Service upon TR Imports may be achieved through service upon its Registered Agent, Edward C. Lutz, located at 8400 Trace Ridge Parkway, Fort Worth, Texas, 76137-5914.

10. Edward C. "Chuck" Lutz is the President and a director of TR Imports, which is a corporation closely held by himself, Lori A. Lutz, Holly L. Lutz, and Andrew C. Lutz. Edward C. Lutz may be served at 8400 Trace Ridge Parkway, Fort Worth, Texas, 76137-5914.

## BACKGROUND FACTS

11. Armsco is the owner of the United States Registered Trademark HUGLU ("HUGLU Trademark") (U.S. Reg. No. 2,806,233) and HUGLU and Design ("HUGLU Logo") (U.S. Reg. No. 2,806,221) for shotguns. These registrations, which were issued on January 20, 2004, are valid and current; copies of the above-identified registrations are attached as Exhibits 1 and 2, respectively.

12. Huglu Av Tufekleri Kooperatifi ("Kooperatifi") is a Turkish entity that has manufactured shotguns since 1962. In Turkey and a number of other countries, Kooperatifi uses the HUGLU Trademark and HUGLU Logo.

13. Armsco and CZ-USA utilized the HUGLU Trademark and HUGLU Logo in United States commerce since at least as early as October 15, 2001, in connection with

shotguns and shotgun-related equipment manufactured in Turkey by Kooperatifi and imported into the United States by Armsco and CZ-USA.

14. On July 1, 2008, CZ-USA entered into a Purchase Agreement with Armsco by which CZ-USA paid over $500,000 in return for the grant by Armsco of an exclusive license to CZ-USA to utilize the HUGLU Trademark and HUGLU Logo set forth in Exhibits 1 and 2.

15. CZ-USA enjoys the exclusive right to distribute HUGLU shotguns throughout the United States, Canada and Mexico, pursuant to the grant of the exclusive license and distribution rights by Kooperatifi, as evidenced by Kooperatifi's written Acknowledgment of October 10, 2006 (Exhibit 3).

16. Armsco and CZ-USA are United States corporations, having been incorporated and having principal places of business in the United States. Armsco and CZ-USA are not parents, subsidiaries, or affiliates of Kooperatifi. CZ-USA and Armsco have no directors, officers or employees who also have positions with Kooperatifi. Similarly, there are no directors, officers or employees of CZ-USA who serve as directors, officers or employees of Armsco.

17. Because of these trademark and distribution rights, Armsco and CZ-USA have expended substantial time, effort and money to advertise and develop the name recognition for HUGLU shotguns in the United States. Warranties for these shotguns are also provided by CZ-USA, as well as quality control of the product imported for distribution in the United States. As a result of quality control, promotion and advertising, HUGLU shotguns have become known to the United States firearms trade and public for providing

excellent quality and workmanship at a fair price. Armsco and CZ-USA have invested heavily to develop this goodwill and reputation.

18. CZ-USA's continuing investment in quality control, promotions, advertising, warranty work and after-sale promotion has increased in recognition, stature, reputation and goodwill associated with HUGLU shotguns.

19. CZ-USA and Armsco recently learned that TR Imports was importing and distributing shotguns bearing the HUGLU Trademark, the HUGLU Logo, and a substantially similar "Eagle Shotguns" version of the HUGLU Logo. CZ-USA first learned this through the internet website of TR Imports, which prominently displayed the HUGLU Trademark with the substantially similar "Eagle Shotguns" replica of the HUGLU Logo. Examples of the HUGLU Trademark and HUGLU Logo as used by TR Imports in connection with shotguns are attached as Exhibit 4.

20. TR Imports has no license or permission to utilize the HUGLU Trademark or HUGLU Logo in the United States. TR Imports has no right to import or distribute shotguns bearing the HUGLU Trademark or likeness of the HUGLU Logo. Armsco and CZ-USA have not consented, orally or in writing, to the importation of HUGLU-marked shotguns by TR Imports.

21. On August 23, 2010, CZ-USA sent written notice to TR Imports of CZ-USA's objection to TR Imports' use of the HUGLU Trademark and HUGLU Logo with a request that TR Imports cease and desist its use of the Trademark (Exhibit 5). TR Imports declined the request (Exhibit 6).

22. On January 18 through 21, 2011, TR Imports rented a booth at the Shot Show, conducted at the Sands Expo & Convention Center in Las Vegas, Nevada. There,

at Booth No. 3463, TR Imports advertised itself as ". . . the importer of a unique line of high-quality moderately-priced shotguns produced by HUGLU . . ." (Exhibit 7). TR Imports' booth prominently displayed the HUGLU Trademark and the similar "Eagle Shotguns" replica of the HUGLU Logo (Exhibit 8).

23.   TR Imports thereafter sent correspondence to specific distributors of CZ-USA firearms offering for sale shotguns bearing the HUGLU Trademark. Moreover, despite CZ-USA's exclusive license to utilize the HUGLU Trademark and HUGLU Logo and its exclusive rights to distribute HUGLU shotguns within the United States, TR Imports posted correspondence to CZ-USA's distributor-customers which advertised its import and distribution of HUGLU models, while price comparing them to corresponding HUGLU CZ-USA shotgun equivalents (Exhibit 9).

24.   Edward C. Lutz is the President, Director and Chief Executive Officer of TR Imports. In his correspondence with CZ-USA gun shop customers, Edward C. "Chuck" Lutz has made a number of misleading, false and inaccurate statements, including:

   a.   Misrepresentation: "Since 2002, TR Imports has imported HUGLU shotguns." Truth: **TR Imports was not formed or in existence until April 12, 2005.**

   b.   Misrepresentation: "We compete with CZ-USA importing HUGLU models they resell . . ." Truth: **CZ-USA is the exclusive distributor for HUGLU shotguns based upon its exclusive license from Armsco, the owner of the HUGLU Trademark and HUGLU Logo in the United States, and TR Imports has never had the right to import or distribute HUGLU shotguns; TR Imports has**

6

**never had the right to utilize the HUGLU Trademark or HUGLU Logo in the United States.**

      c.      <u>Misrepresentation</u>: "We [TR Imports] will continue to make available all the models CZ now sells . . ." <u>Truth</u>: **TR Imports never had the right to import or distribute HUGLU model shotguns; TR Imports has never had the right to utilize the HUGLU Trademark or HUGLU Logo.**

The statements of Edward C. Lutz on behalf of TR Imports were false and deceptive practices which violated K.S.A. 50-626 and V.T.C.A. Bus. & C.T. 2, § 17.41.

    25.    Edward C. "Chuck" Lutz is a resident of Texas and utilizes his residential address of 8400 Trace Ridge Parkway, Fort Worth, Texas, 76137-5914, as the registered agent location for TR Imports. Edward C. "Chuck" Lutz represents that he is the President, Director and Resident Agent of TR Imports. The other directors and/or stockholders of TR Imports are family members of Mr. Lutz. Edward C. "Chuck" Lutz operates and is involved in the distribution and sales of TR Imports and has personally made those decisions which infringe the plaintiffs' trademark rights and thereby damage the Plaintiffs.

    26.    The Defendants offer their shotguns bearing infringing and counterfeit marks throughout the United States to the same distributors and dealers who purchase HUGLU-marked shotguns from CZ-USA.

    27.    Defendants' advertisement and use of the HUGLU Trademark, the HUGLU Logo, and the similar "Eagle Shotguns" logo, and the Defendants' offers for sale and sale of unlawful HUGLU shotguns have caused and will continue to cause a likelihood of confusion among ordinary purchasers. Defendants' unauthorized use of the HUGLU

Trademark and HUGLU Logo has caused substantial damages and lost profits to both Armsco and CZ-USA.

## COUNT I - ENFORCEMENT OF "GRAY MARKET" PROTECTION PURSUANT TO THE TARIFF ACT OF 1930

28. The allegations of paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

29. Armsco is a corporation created and organized within the United States which owns the HUGLU Trademark and HUGLU Logo in the United States, and which has registered that trademark and logo with the Patent and Trademark Office of the United States, as shown in Exhibits 1 and 2.

30. CZ-USA is a corporation created and organized within the United States and is Armsco's sole and exclusive licensee for the HUGLU Trademark and HUGLU Logo in the United States.

31. TR Imports is, without the consent of Armsco or CZ-USA, importing HUGLU-branded goods of foreign manufacture and displaying the HUGLU Trademark, the HUGLU Logo and substantially similar "Eagle Shotguns" imitations of the HUGLU Logo. Under Section 526 of the Tariff Act of 1930 (19 U.S.A. § 1526(a)), such conduct is illegal and unlawful and should subject TR Imports and Chuck Lutz to preliminary and permanent injunctions to cease such activities, to seizure and forfeiture of said shotguns, to money damages, to disgorgement of profits, and to such other and further relief as the Court deems just, equitable and appropriate.

## COUNT II - FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C.§1114

32. The allegations of paragraphs 1 through 31 above are incorporated by reference as if fully set forth herein.

33. The HUGLU Trademark and HUGLU Logo used by Defendants in connection with sale of their shotguns is a trademark infringement upon the HUGLU Trademark and HUGLU Logo federally registered and owned by Armsco and exclusively licensed by CZ-USA. Such trademark infringement has caused and is likely to continue to cause a likelihood of confusion, mistake and/or deception and will cause serious and irreparable damage to the reputation and goodwill associated with the HUGLU Trademark.

34. The Defendants' products are not genuine HUGLU shotguns as they differ from the shotguns covered by Armsco's registrations and sold by CZ-USA in at least the following particulars:

   a. The models offered for sale and sold by the Defendants consist of at least some different models than those sold by the Plaintiffs;

   b. The Defendants' products do not undergo the same quality control aspects as do the genuine products offered for sale by the Plaintiffs;

   c. The warranty provided by the Plaintiffs for the genuine shotguns is not the same as the warranty that may be provided by the Defendants;

   d. The instruction manuals and packaging materials sold by Plaintiffs as part of the genuine shotguns are not provided by the Defendants; and

   e. The shotguns are not newly minted and of current manufacture.

35. Defendants' unauthorized use of the Plaintiff's' federally registered HUGLU Trademark and HUGLU Logo constitutes infringement under Section 32 of the Lanham Act, 15 U.S.C. §1114(1).

36. The aforesaid acts have been undertaken willfully and with the intent of causing confusion, mistake and/or deception, and should subject the Defendants to preliminary and permanent injunctions, money damages, disgorgement of profits and attorney fees pursuant to 15 U.S.C. § 1116, et seq., and 15 U.S.C. § 1117, et seq.

### COUNT III - TRADEMARK COUNTERFEITING UNDER SECTIONS 32(1)(a) AND 34(d) OF THE LANHAM ACT 15 U.S.C. §§ 1114(1)(a) AND 1116(d)

37. The allegations of paragraphs 1 through 36 are incorporated by reference as if fully set forth herein.

38. The Defendants use counterfeits of Armsco's federally registered HUGLU Trademark and HUGLU Logo in connection with the sale, offering for sale, and distribution of counterfeit products.

39. Defendants' willful and deliberate actions constitute counterfeiting of Armsco's federally registered HUGLU Trademark and HUGLU Logo, in violation of Sections 32(1) and 34(d) of the Lanham Act, 15 U.S.C. §§1114(1) and 1116(d), and cause damage to Armsco as owner of the HUGLU Trademark and HUGLU Logo, and to CZ-USA as the exclusive licensee of the HUGLU Trademark and HUGLU Logo.

### COUNT IV - TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER SECTIONS 43(a)(1)(A) OF THE LANHAM ACT
### 15 U.S.C. §§ 11125(a)(1)(A)

40. The allegations of paragraphs 1 through 39 are incorporated by reference as if fully set forth herein.

41. Defendants' willful and deliberate acts are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's goods, and thus constitute false designations of origin and trademark infringement, in violation of Section 43(a)(1)(A) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a)(1)(A).

### COUNT V - TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND PASSING OFF IN VIOLATION OF KANSAS AND TEXAS LAW

42. The allegations of paragraphs 1 through 41 are incorporated by reference as if fully set forth herein.

43. Defendants are engaging in business in Kansas, Texas, and other places, to offer the shotguns bearing the HUGLU Trademark, HUGLU Logo, and substantially similar "Eagle Shotguns" logo with full knowledge of the registrations and prior use by Armsco and CZ-USA. In doing so, Defendants are passing off their products as those of CZ-USA by creating the impression among the public that the shotguns are licensed and sponsored by CZ-USA, or are identical to CZ-USA's shotguns when, in fact, they are not. Defendants have misappropriated CZ-USA's valuable, good and public recognition of the HUGLU Trademark and HUGLU Logo, which has been developed over a period of years by CZ-USA and Armsco. The Defendants are unlawfully benefitting and being unjustly enriched by such activities.

44.     The use by Defendants of the HUGLU Trademark and HUGLU Logo designation constitutes unfair competition under the laws of the State of Kansas and the State of Texas. This use has injured the business reputation of CZ-USA and diluted the distinctive quality of the HUGLU Trademark and HUGLU Logo, to cause irreparable harm, damage and injury to Armsco and CZ-USA. Defendants' misrepresentations, as detailed in paragraph 24, have also damaged the business and reputation of Armsco and CZ-USA. Said harm, damage and injury will continue unless restrained and enjoined by this Court.

45.     The above-described conduct should subject the Defendants to preliminary and permanent injunctions, payment of damages and disgorgement of profits, pursuant to the Lanham Act, the laws of the State of Kansas, and the laws of the State of Texas.

WHEREFORE, the Plaintiffs, CZ-USA and Armsco, pray that this Court:

1.      Grant appropriate preliminary and permanent injunctions, pursuant to 19 U.S.C. § 1526 and 15 U.S.C. § 1116, to restrain and prevent the Defendants from any United States import or sale of shotguns which bear the HUGLU Trademark, the HUGLU Logo or substantially similar logos to the HUGLU Logo.

2.      Grant appropriate preliminary and permanent injunctions, pursuant to 15 U.S.C. § 1114 and § 1116, to restrain the Defendants from any United States distribution or use of the HUGLU Trademark and HUGLU Logo designation, or any colorable imitation of the HUGLU Trademark or HUGLU Logo designation in any United States business activity, advertising, promotion or other business action related to the sale of shotguns.

3.      Order seizure and forfeiture of Defendants' shotguns bearing the HUGLU Trademark or HUGLU Logo or substantially similar "Eagle Shotguns" logo, pursuant to 19 U.S.C. § 1526(b).

4.    Grant appropriate preliminary and permanent injunctions to restrain the Defendants from representing or passing off by words or implication that they are affiliated or associated with or sponsored or authorized by CZ-USA or Armsco or HUGLU for import and/or distribution of shotguns with the HUGLU Trademark and/or HUGLU Logo pursuant to K.S.A. 50-634 and V.T.C.A. Bus. & C.T. 2, § 17.41.

5.    Order the Defendants to deliver to CZ-USA and Armsco all products, advertising and promotional materials which contain or utilize the HUGLU Trademark, HUGLU Logo or infringements of the HUGLU Logo, and to discontinue use of the same on any signs, newspapers, promotional materials or advertisements, telephone listings, shotgun catalogs, internet based sites, or other printed or reproduced or published materials.

6.    Enter a decree holding that the Defendants have infringed the rights of CZ-USA and Armsco to the HUGLU registered Trademark and HUGLU Logo and that the Defendants have engaged in the sale and offer for sale of goods bearing a counterfeit mark.

7.    Grant CZ-USA and Armsco judgment for (1) all profits realized by Defendants from the sale of goods bearing a HUGLU Trademark, HUGLU Logo or substantially similar mark, (2) all damages sustained by CZ-USA and Armsco by reason of Defendants' counterfeiting, trademark infringement, passing off, unfair competition and/or injury to business reputation, and (3) that such profits and damages be trebled as a result of Defendants' willful infringement, pursuant to 15 U.S.C. § 1117(b).

8.    With regard to Count III (Trademark Counterfeiting), award Plaintiffs at Plaintiffs' election at any time prior to entry of judgment, an award of statutory damages of

up to one hundred thousand dollars ($100,000) per counterfeit mark per type of goods sold, offered for sale, or distributed, or up to one million dollars ($1,000,000) for willful use, as the Court considers just, in lieu of actual damages and profits, pursuant to 15 U.S.C. §1117(c).

9. Grant CZ-USA and Armsco judgment for their reasonable attorney fees pursuant to 15 U.S.C. § 1117(a).

10. Grant judgment to CZ-USA and Armsco for their costs, expenses and such other and further relief as the Court deems just and equitable in the premises.

Respectfully submitted,

Thomas B. Alleman,                    01017485
of
COX SMITH MATTHEWS INCORPORATED
1201 Elm Street, Suite 3300
Dallas, Texas 75270
214 698 7830 Direct Phone
214 698 7899 Fax
talleman@coxsmith.com


Lee M. Smithyman, KS #09391
of
SMITHYMAN & ZAKOURA, CHARTERED
750 Commerce Plaza II
7400 West 110th Street
Overland Park, KS 66210-2362
913 661 9800 Phone
913 661 9863 Fax
lee@smizak-law.com

ATTORNEYS FOR PLAINTIFFS

## **VERIFICATION**

STATE OF KANSAS     )
                    ) ss:
COUNTY OF JOHNSON   )

Alice Poluchova, of lawful age and being first duly sworn upon her oath, states that she is the President of CZ-USA, Inc., one of the Plaintiffs above named, that she has read the above and foregoing Complaint, and that the statements contained therein are true and correct to the best of her knowledge, information and belief.

_____
Alice Poluchova

Subscribed and sworn to before me, a Notary Public in and for said County and State, by Alice Poluchova, on this 24th day of March, 2011.



_____
Notary Public

My Appointment Expires:

6-21-2013

15